# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISON

| | | |
|---|---|---|
| TRUMPS, INC. d/b/a ONYX HOUSTON, | § § § | |
| *Plaintiff,* | § § | |
| v. | § § | CIVIL ACTION NO. 4:20-cv-01555 |
| THE CITY OF HOUSTON, *et al.*, | § § § | |
| *Defendants.* | § | |

## BRIEF IN SUPPORT OF APPLICATION FOR PRELIMINARY INJUNCTION

Trumps, Inc. d/b/a Onyx Houston ("Onyx Houston") files this Brief in Support of its Application for Preliminary Injunction.

## INTRODUCTION AND FACTUAL BACKGROUND

Onyx Houston does not seek injunctive relief to challenge the appropriateness or enforceability of Governor Greg Abbotts' orders relating to the measured reopening of Texas in light of and in response to the challenges and demands of the COVID 19 pandemic. *Cf. In Re Abbott*, 954 F.3d 772 (5th Cir. 2020). Rather, Onyx Houston challenges the City of Houston, the Houston Police Department, and the Houston Fire Department's *ultra vires* enforcement of Governor Greg Abbott's orders and threats of arrest and criminal prosecution for crimes that do not exist.

On April 27, 2020, Governor Greg Abbott issued Executive Order GA 18 relating to the expanded reopening of services as part of the safe strategic plan to open Texas in response to the COVID-19 disaster. That order provided that as of 12:01 AM on Friday May 1, 2020 certain "Reopened Services," would be allowed to operate even if they were not "Essential Services." (GA 18, p. 3). Those Reopened Services include "dine-in restaurants for restaurants that operate

at up to 25% of the total listed occupancy of the restaurant" but only "Restaurants that had less than 51% of their gross receipts from the sale of alcoholic beverages and are therefore not required to post the 51% sign required by Texas law as determined by the Texas Alcoholic Beverage Commission." In other words, traditional bars with a majority of their revenue generated from the sale of alcohol are not a "Reopened Service."

On April 29, 2020, Onyx Houston indicated that when GA 18 becomes effective that it would operate as a restaurant featuring live entertainment and that it would follow state guidelines and health recommendations of social distancing. Since 2017 and through the present, Onyx Houston has operated as a Blue Tag restaurant (a Reopened Service) with less than 50% revenue from the sale of alcohol rather than a bar with 51% or greater of its revenue from the sale of alcohol (not a Reopened Service).

Nevertheless, dozens of officers from the City of Houston police and fire departments harassed and occupied Onyx Houston within fifteen minutes of opening on the morning of May 1, 2020 and after waffling for hours regarding what laws they might be seeking to enforce while maintaining an effective blockade of dozens of officers in front of the entrance, eventually shut down Club Onyx and threatened to arrest its representatives. These facts are more fully plead in Club Onyx' Original Complaint, which it incorporates into this brief by reference along with all exhibits. FED. R. CIV. P. 10(c).

On May 1, 2020, Onyx Houston sought and received emergency injunctive relief, including enjoining Defendants as follows:

    a. Defendants are prohibited from arresting any employee or representative of Onyx Houston for conducting Operations;

b. Defendants are prohibited from maintaining a physical presence at the Onyx Houston or within 400 meters of the Onyx premises for longer than thirty minutes unless investigating criminal activity with probable cause; and

c. Defendants are prohibited from closing or attempting to close Onyx under color of Governor Greg Abbott's Executive Order GA 18.

(Dkt. No. 3).

Following entry of this Court's Temporary Restraining Order, the legal landscape changed. Governor Abbot issued Executive Order GA 21 on May 5, 2020, providing further guidance. In relevant part, it provides:

> People shall avoid visiting bars, massage establishments, tattoo studios, piercing studios, sexually oriented businesses, or interactive amusement venues such as bowling alleys, video arcades, amusement parks, water parks, or splash pads, unless these enumerated establishments or venues are specifically added as a reopened service by proclamation or future executive order of the governor. Notwithstanding anything herein to the contrary, the governor may by proclamation add to this list of establishments or venues that people shall avoid visiting. To the extent any of the establishments or venues that people shall avoid visiting also offer reopened services permitted above, such as restaurant services, these establishments or venues can offer only the reopened services and may not offer any other services. The use of drive thru, pickup, or delivery options for food and drinks remains allowed and highly encouraged throughout the limited duration of this executive order.

(Exhibit A, GA 21, p. 6). Following issuance of the order, the City of Houston took the position that Club Onyx simply could not operate and demanded that Plaintiff's dismiss this case, ignoring that (1) GA 21 expressly allows businesses offering Reopened Services to restrict otherwise impermissible uses; (2) Onyx Houston represented to the City of Houston that it ceased offering "nude" entertainment under the relevant statute upon issuance of GA 21; and (3) this Court's ruled that "people shall avoid" language is directed at people as an admonition and not the businesses as a binding regulation.

On May 7, 2020, the legal landscape changed further, as Governor Abbott clarified that no prohibition in these executive orders would carry an arrest:

> That is why I am modifying my executive orders to ensure confinement is not a punishment for violating an order. This order is retroactive to April 2nd, supersedes local orders and if correctly applied should free Shelley Luther. It may also ensure that other Texans like Ana Isabel Castro-Garcia and Brenda Stephanie Mata who were arrested in Laredo, should not be subject to confinement. As some county judges advocate for releasing hardened criminals from jail to prevent the spread of COVID-19, it is absurd to have these business owners take their place.

(*Accessed at* https://gov.texas.gov/news/post/governor-abbott-modifies-covid-19-executive-orders-to-eliminate-confinement-as-a-punishment, May 7, 2020, 4:00 pm). Nevertheless, Defendants persist in their position that Onyx Houston cannot operate lawfully as a restaurant.

## ARGUMENT AND AUTHORITIES

The four elements a plaintiff must establish to secure a preliminary injunction are: "(1) a substantial likelihood of success on the merits, (2) a substantial threat of irreparable injury if the injunction is not issued, (3) that the threatened injury if the injunction is denied outweighs any harm that will result if the injunction is granted, and (4) that the grant of an injunction will not disserve the public interest." *Janvey v. Alguire,* 647 F.3d 585, 595 (5th Cir. 2011) (quotation marks omitted); *see also Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

Injunctive relief in the form of "superintending federal injunctive decrees directing state officials," is an extraordinary remedy. *Morrow v. Harwell,* 768 F.2d 619, 627 (5th Cir. 1985). However, it should be granted if the movant, by a clear showing, carries the burden of persuasion. *Byrd v. Collier*, No. CV H-17-2984, 2017 WL 5029054, at *3 (S.D. Tex. Oct. 31, 2017) (citing *Cherokee Pump & Equip., Inc. v. Aurora Pump,* 38 F.3d 246 (5th Cir. 1994)). Here, that the Defendants acted without legal authority is beyond dispute, and this Court should issue the Preliminary Injunction.

**I.     Onyx Houston has a substantial likelihood of prevailing on the merits because Defendants have no articulable basis for closing Onyx Houston or threatening its representatives with arrest.**

28 U.S.C. § 1983 allows this Court to grant injunctive relief if the Plaintiff is likely to prevail on its underlying substantive constitutional law claims. *Harris v. Johnson*, 323 F. Supp. 2d 797, 804 (S.D. Tex. 2004). For purposes of this preliminary injunction hearing, it is clear that the Defendants actions have been arbitrary and capricious, depriving Onyx Houston of due process of law. *Levitt v. University of Texas at El Paso*, 759 F.2d 1224, 1231 (5th Cir. 1985). Their actions also threaten to violate Onyx Houston and its representatives Fourth Amendment rights against unreasonable searches and seizures. *See City of Ontario, Cal. v. Quon*, 560 U.S. 746, 760 (2010). Lastly, the Defendants action constitute a violation of Plaintiff's right to expression. *Collins v. Ainsworth*, 382 F.3d 529, 539 (5th Cir. 2004) ("[w]hen public officials are given the power to deny use of a forum in advance of actual expression … the danger of prior restraints exists."). All of these claims have a common lynchpin – the government sought and still seeks to shut down Onyx Houston for operating lawfully.

When it opened on May 1, 2020, in all ways, Onyx Houston both qualified as a Reopened Service and complied with the requirements and recommendations of Governor Abbott's Order. Onyx Houston observed social distancing guidelines, and in fact went above and beyond to make sure its patrons, employees, and entertainers were safe. Defendants reviewed permit after permit, checking to see if something was out of order that they could use to shut down Onyx Houston's operations.

Since the issuance of GA 21 on May 5, 2020, Club Onyx has ceased featuring "nude" entertainment; the dancers are required to wear full tops and full bathing suit bottoms. *See* TEX.

BUS. & COM. CODE § 102.051(1) (definition of "nudity"). A business is only considered a sexually oriented business if it features nude entertainment. *See* TEX. BUS. & COM. CODE § 102.051(2) (definition of "sexually oriented business"). Clubs that feature non-nude entertainment, such as dancers in bathing suits, are not sexually oriented businesses. Furthermore, Onyx Houston changing its business practice is exactly what Governor Abbott's order contemplated for "Reopened Services" also ordinarily featuring attributes that fall under his admonishment paragraph: "To the extent any of the establishments or venues that people shall avoid visiting also offer reopened services permitted above, such as restaurant services, these establishments or venues can offer only the reopened services and may not offer any other services." (GA 21, p. 6).

Onyx Houston operated and continues to operate in compliance with Governor Abbott's orders. Defendants have no basis for seeking to shut down the business or arrest its representatives. Onyx Houston has demonstrated a reasonable likelihood of prevailing on the merits.

**II.  There is a substantial threat that Onyx Houston will suffer immediate and irreparable harm because Defendants have discouraged patrons from visiting Club Onyx, and threatened and continue to threaten Onyx Houston with closure and arrests.**

The threat of "[i]rreparable harm "consists of harm that could not be sufficiently compensated by money damages or avoided by a later decision on the merits."" *Lupi v. Diven*, No. 1:20-CV-207-RP, 2020 WL 1667375, at *7 (W.D. Tex. Apr. 3, 2020); *Canon, Inc. v. GCC Int'l Ltd.*, 263 F. App'x 57, 62 (Fed. Cir. 2008). "Such a threat is the possibility of customers being permanently discouraged from patronizing one's business." *Spiegel v. City of Houston*, 636 F.2d 997, 1001 (5th Cir. 1981). There is no question that Defendants' conduct, if allowed to continue, would have that effect, as Defendants are sending the clear message that Club Onyx

and similar establishments will be the first to be targeted by law enforcement task forces and raids.

Likewise, the threat of arrest and criminal prosecution, when it is real and immediate, constitutes irreparable injury. *City of Los Angeles v. Lyons,* 461 U.S. 94, 101-02 (1983); *O'Shea v. Littleton*, 414 U.S. 488, 496 (1974). It is also an unconstitutional prior restraint on expression. *See D.P.D. Investments v. City of Beaumont*, 82 F. Supp. 2d 619, 625 (E.D. Tex. 2000). Plaintiff has demonstrated immediate and irreparable harm if the Preliminary Injunction does not issue.

**III.** **Onyx Houston's threatened injury outweighs the harm to Defendants, whose legitimate law enforcement and public safety functions would be unaffected by issuance of a Preliminary Injunction.**

Onyx Houston's threatened injury vastly outweighs the harms to Defendants from issuing the narrowly tailored proposed Preliminary Injunction. Simply put, Defendants have no interest in enforcing Governor Abbott's orders to close Onyx Houston, because such enforcement measures are unlawful and without merit. Nothing in the proposed Preliminary Injunction infringes on Defendants' ability to perform its law enforcement or health and safety functions, including the investigation of crimes at Onyx Houston.

Furthermore, there is substantial precedent for enjoining law enforcement from loitering at a Defendants' business without investigating a crime. Upon a showing of harassment by law enforcement of an adult bookstore, one District Court ordered as follows:

> The defendants will be enjoined from communicating with any of the actual or potential customers of Peepers and The Oasis unless they have a reasonable articulable suspicion that criminal activity is afoot. *See generally, Terry v. Ohio,* 392 U.S. 1, 21-26, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). Further, the defendants are hereby enjoined from parking their cars within 150 feet of plaintiffs' businesses unless they are investigating criminal activity. Furthermore, the defendants shall not maintain a continuous presence around Peepers or The Oasis with the intent of scaring away potential customers, or persuading them not to enter the premises.

*D.P.D. Investments*, 82 F. Supp. at 625. Balancing of the parties' respective burdens strongly favors injunctive relief.

**IV.    The public interest is served by granting the Preliminary Injunction.**

It serves the public interest to "eliminate bad faith law enforcement tactics, tactics which harass without adding appreciably to the enforcement of the specific law in question." *Spiegel*, 636 F.2d at 1002. As stated above, Plaintiff has no quarrel with the 'specific law in question'— Governor Abbott's Orders. However, the governments' actions do not enforce his orders, but rather act completely outside of it, and Defendants should be enjoined.

## PRAYER

Onyx Houston respectfully requests that the Court grant its application and enjoin Defendants as follows until final judgment:

a. Defendants are prohibited from arresting any employee or representative of Onyx Houston for conducting Operations;

b. Defendants are prohibited from maintaining a physical presence at the Onyx Houston or within 400 meters of the Onyx premises for longer than thirty minutes unless investigating criminal activity with probable cause; and

c. Defendants are prohibited from closing or attempting to close Onyx under color of Governor Greg Abbott's Executive Order GA 18 or GA 21.

Respectfully submitted,

*/s/ Casey T. Wallace*
Casey T. Wallace
State Bar No. 00795827
Federal I.D. No. 20117
Wallace & Allen, LLP
440 Louisiana, Suite 1500
Houston, Texas 77002
Telephone: (713) 224-1744
Facsimile: (713) 227-0104
cwallace@wallaceallen.com
**LEAD COUNSEL FOR PLAINTIFFS**

**OF COUNSEL FOR PLAINTIFFS:**
Benjamin W. Allen
State Bar No. 24069288
Federal I.D. No. 1058996
William X. King
State Bar No. 24072496
Federal I.D. No. 1674134
Wallace & Allen, LLP
440 Louisiana, Suite 1500
Houston, Texas 77002
Telephone: (713) 224-1744
Facsimile: (713) 227-0104
ballen@wallaceallen.com
wking@wallaceallen.com

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document has been served on counsel of record in accordance with the Federal Rules of Civil Procedure via email and/or filing through the Court's ECF System on May 7, 2020.

Damon Crenshaw
Senior Assistant City Attorney
City of Houston Legal Department
900 Bagby, Third Floor
Houston, Texas 77002
Damon.Crenshaw@houstontx.gov
**ATTORNEY FOR CITY DEFENDANTS**

 */s/ Casey T. Wallace*
Casey T. Wallace