IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **TRUMP, INC. d/b/a ONYX HOUSTON,** § | | |
| § | | |
| *Plaintiff* § | | |
| § | | |
| v. § | CIVIL ACTION NO. 4:20-cv-01555 | |
| § | | |
| **City of Houston et al.** § | | |
| § | | |
| *Defendants* § | | |

## DEFENDANT CITY OF HOUSTON'S RESPONSE TO PLAINTIFF'S BRIEF

The City of Houston ("City") offers this response to Plaintiff, Trump, Inc. d/b/a Onyx Houston's ("Onyx") Brief in Support of Application for Preliminary Injunction. Plaintiff's 42 U.S.C. § 1983 claims are baseless and this case should be dismissed in its entirety. Onyx has failed to show any violation of its any person's constitutional rights - no person was charged and no person was arrested. There is simply no merit to any of Plaintiff's claims.

**I.    Onyx Is A Sexually Oriented Business**

Onyx is and continues to operate as a sexually oriented business ("SOB"). Onyx relies on the definition of a SOB as it relates to a fee charged by the State found in Tex. Bus. & Comm. Code §102.051. For a business to be subject to the fee, it must (1) provide live nude entertainment; and (2) allow for alcohol consumption on the premises. However, the definition of a SOB is found in Tex. Loc. Gov't Code §243.002 and Tex. Bus. & Comm. Code §102.001(2) refers to the meaning assigned in Tex. Loc. Gov't Code §243.002. According to Tex. Loc. Gov't Code §243.002 an SOB is any commercial enterprise the primary business of which is the offering of a service or the selling, renting, or exhibiting of devices or any other items intended to provide sexual stimulation or sexual gratification to the customer. Nudity and alcohol consumption are not the

determining factor as to whether a business is a SOB. Regardless of whether Onyx's entertainers are nude or not, if the entertainment being offered is intended to provide sexual stimulation or sexual gratification to the customer, it is a SOB.

## II. On April 29, 2020, The City Received A Complaint Regarding Onyx

On April 29, 2020, the City received a complaint via email from an individual identified as Queen Ice83 stating that Onyx is "opening today at 12am as a reserved club not a restaurant." (Mcleod Affidavit Ex. 1). The complaint was forwarded to the Houston Police Department ("HPD") and then to the Houston Fire Department ("HFD"). HFD's Fire Marshall is part of a team of local governmental entities that oversaw compliance with all emergency orders. (Mcleod Affidavit, Ex. 1).

Upon receipt of the complaint, HFD entered it into its 311 Lagan system for a HFD inspection team to inspect similar to the more than 3,500 complaints HFD had already received. (McLeod Affidavit, Ex. 1). On April 29, 2020, HFD reviewed Onyx's permits and confirmed that Onyx had all the requisite permits to operate as a dine-in restaurant (Testimony of Joshua Brooks 5/8/20).

## III. GA18 Allowed Onyx To Operate Its Restaurant Dine-In Services

Governor Greg Abbott's Order issued on April 27, 2020 allowed certain "Reopened Services" to operate effective May 1, 2020. The enumerated list of nine categories of "Reopened Services" included dine-in restaurant services whose alcohol sales are less than 51 per cent of their gross receipts. (Plaintiff's Ex. 1). Onyx's dine-in restaurant services was a permissible "Reopened Service.

According to the manager, Joshua Brooks, when Onyx opened at midnight, there were twenty entertainers, two waitstaff, one bartender, one disc jockey, and two security guards,

approximately 26 employees and entertainers (Testimony of Joshua Brooks 5/8/20). Throughout the inspection, and even as other officers arrived, Onyx continued to operate. (Testimony of Joshua Brooks 5/8/20). In fact, the officers "ushered in" customers into Onyx. (Testimony of Joshua Brooks 5/8/20). Mr. Brooks further testified that prior to local closure orders, Onyx's normal operating hours were from 7 p.m. to 4 a.m., Monday to Thursday. (Testimony of Joshua Brooks 5/8/20). On the night of Thursday April 30, 2020, Onyx had 15 customers beginning at midnight and closed around 3:30 a.m. (Testimony of Joshua Brooks 5/8/20).

**IV.     No Charges and No Arrests Have Been Made**

In all its 3,500 complaint inspections, no person has been charged or arrested for violating emergency orders. (McLeod Affidavit, Ex. 1). On May 1, 2020, no person at Onyx was charged or arrested for violating emergency orders. (Testimony of Joshua Brooks 5/8/20).

**V.      GA-21 Allows Onyx To Operate its Restaurant Only**

On May 5, 2020, Governor Abbott issued GA-21 which specifically identified SOBs as a business that "people should avoid" and "[t]o the extent any of the establishments or venues that people avoid visiting also offer reopened services permitted above, such as restaurant services, these establishments or venues can offer only the reopened services and may not offer any other services." (Plaintiff's Ex. 2). GA-21 makes it explicitly clear that restaurant services can only be operated in conjunction with other reopened services. Live entertainers do not fall into any of the enumerated reopened services.

**VI.     The City is Trying to Protect Public Health During the COVID-19 Pandemic**

The City is trying to protect public health by following emergency orders. With the changing landscape of the Governor's orders, to the extent the City can enforce, the City will be consistent. (McLeod Affidavit, Ex. 1).

Respectfully submitted,

RONALD C. LEWIS
City Attorney

By: /s/ *Nirja S. Aiyer*
    Nirja S. Aiyer
    Sr. Assistant City Attorney
    Southern District Bar No. 19661
    Texas Bar No. 00795048
    Tel: (832) 393-6283
    Fax: (832) 393-6259
    Nirja.Aiyer@houstontx.gov
    Attorney in Charge

    Suzanne R. Chauvin
    Senior Assistant City Attorney
    Southern District Bar No. 14512
    Texas State Bar No. 04160600
    Tel: (832) 393-6219
    Fax (832) 393-6259
    Suzanne.Chauvin@houstontx.gov

    P.O. Box 368
    Houston, TX 77001-368
    900 Bagby, 3rd Floor
    Houston, TX 77002

    ATTORNEYS FOR DEFENDANTS

## **CERTIFICATE OF SERVICE**

On May 8, 2020, a true copy of the foregoing document was duly served upon Plaintiff in this cause by electronic mail to the attorneys of record:

Casey T. Wallace
*via email: cwallace@wallaceallen.com*
Ben Allen
*via email: ballen@wallaceallen.com*

                /s/ *Nirja S. Aiyer*