United States District Court
Southern District of Texas
**ENTERED**
May 08, 2020
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **TRUMP, INC. d/b/a ONYX HOUSTON** | § § § | |
| **Plaintiff,** | § | |
| v. | § § | CASE NO. 4:20-CV-1555 |
| **THE CITY OF HOUSTON, et al.** | § § | |
| **Defendant.** | § § | |

### O R D E R

Pending before the Court is Plaintiff's Motion for Preliminary Injunction. **(Instrument No. 5)**. A Temporary Restraining Order was previously issued by the Court on May 1, 2020 enjoining the City of Houston as follows:

a. Defendants are prohibited from arresting any employee or representative of Onyx Houston for conducting Operations;

b. Defendants are prohibited from maintaining a physical presence at the Onyx Houston or within 400 meters of the Onyx premises for longer than thirty minutes unless investigating criminal activity with probable cause;

c. Defendants are prohibited from closing or attempting to close Onyx under color of Governor Greg Abbott's Executive Order GA 18. (Instrument No. 3).

The Preliminary Injunction hearing was held Friday, May 8, 2020.

### I.

Plaintiff operates a restaurant and gentlemen's club on Bering Street in southwest central Houston. (Instrument No. 1). On April 27, 2020, Governor Greg Abbott issued Executive Order GA 18 relating to the expanded reopening of services as part of the safe strategic plan to open Texas in response to the COVID 19 pandemic. That order provided that as of 12:01 AM on

Friday May 1, 2020 certain "Reopened Services," would be allowed to operate even if they were not "Essential Services." (Instrument No. 1-1). Those Reopened Services include "dine-in restaurants for restaurants that operate at up to 25% of the total listed occupancy of the restaurant" but only "Restaurants that had less than 51% of their gross receipts from the sale of alcoholic beverages and are therefore not required to post the 51% sign required by Texas law as determined by the Texas Alcoholic Beverage Commission." *Id*.

Plaintiff generates less than 50% of its revenue from the sale of alcoholic beverages and thus opened up on May 1, 2020, pursuant to Greg Abbott's Order GA 18. (Instrument No. 1). Dancers at Plaintiff's club were not offering lap dances but were providing entertainment from a safe distance. *Id.* Shortly after opening, Officers from the City of Houston police and fire departments showed up at Plaintiff's club. *Id*. Eventually, the officers shut down Plaintiff's club and threatened to arrest its owners. *Id*.

On May 1, 2020, Plaintiff filed its Original Complaint challenging the City of Houston, the Houston Police Department, and the Houston Fire Department's enforcement of Governor Greg Abbott's orders and threats of arrest and criminal prosecution. (Instrument No. 1) That same day, the Court granted Plaintiff's request for a Temporary Restraining Order ("TRO"). (Instrument No. 3).

Following entry of this Court's TRO Governor Abbot issued Executive Order GA 21 on May 5, 2020. In relevant part, it provides:

> People shall avoid visiting bars, massage establishments, tattoo studios, piercing studios, sexually oriented businesses, or interactive amusement venues such as bowling alleys, video arcades, amusement parks, water parks, or splash pads, unless these enumerated establishments or venues are specifically added as a reopened service by proclamation or future executive order of the governor. Notwithstanding anything herein to the contrary, the governor may by proclamation add to this list of establishments or venues that people shall avoid visiting. To the extent any of the establishments or venues that people shall avoid visiting also offer reopened services permitted above, such as restaurant services,

>these establishments or venues can offer only the reopened services and may not offer any other services. The use of drive thru, pickup, or delivery options for food and drinks remains allowed and highly encouraged throughout the limited duration of this executive order.

(Instrument No. 8-1). On May 7, 2020, as Governor Abbott clarified that no prohibition in these executive orders would carry an arrest:

>That is why I am modifying my executive orders to ensure confinement is not a punishment for violating an order. This order is retroactive to April 2nd, supersedes local orders and if correctly applied should free Shelley Luther. It may also ensure that other Texans like Ana Isabel Castro-Garcia and Brenda Stephanie Mata who were arrested in Laredo, should not be subject to confinement. As some county judges advocate for releasing hardened criminals from jail to prevent the spread of COVID-19, it is absurd to have these business owners take their place.

(*Accessed at* https://gov.texas.gov/news/post/governor-abbott-modifies-covid-19 executive-orders-to-eliminate-confinement-as-a-punishment, May 7, 2020, 4:00 pm). Defendant now takes the position that Plaintiff may only open up as a restaurant and is prohibited from offering its other sexually oriented entertainment services. The Court set a preliminary injunction hearing for May 8, 2020. Plaintiff's filed a Brief in Support of its Application for Preliminary Injunction. (Instrument No. 5). Defendant's filed a Response on May 8, 2020. (Instrument No. 10).

## II.

"The purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held." *Univ. of Texas v. Camenisch*, 451 U.S. 390, 395 (1981). To obtain a temporary restraining order or a preliminary injunction, a plaintiff must show the following:

>(1) a substantial likelihood that the plaintiff will prevail on the merits;
>(2) a substantial threat that the plaintiff will suffer irreparable injury if the injunction is not granted;
>(3) a showing that the threatened injury to the plaintiff outweighs the potential harm to the defendants if the injunctive relief is not granted; and

>(4) a showing that issuance of the injunction will not disserve the public interest.

*Allied Mktg. Grp., Inc. v. CDL Mktg., Inc.*, 878 F.2d 806, 809 (5th Cir. 1989). The decision whether to grant a temporary restraining order is within the sound discretion of the district court. *Id.* A party is not required to prove his case in full at the temporary restraining order hearing and the evidence presented at the hearing may be less complete than in a trial on the merits. *Camenisch*, 451 U.S. at 395. However, a temporary restraining order is "an extraordinary remedy" that courts should only grant if the moving party has clearly carried its burden of persuasion with respect to all four factors. *Allied Mktg.*, 878 F.2d at 809.

### III.

Plaintiff brings a cause of action against Defendants for deprivation of due process under 42 U.S.C. § 1983. Plaintiff argues Defendants' have no statutory basis to threaten arrest of Plaintiff's representatives and employees or close Plaintiff's operations.

The series of orders issued by the Governor, together with the fact that his top law enforcement officer unethically rebuked some of those orders, has caused a state of confusion that rests clearly on the Governor's doorstep. The orders of the Governor raise serious First Amendment and equal protection issues, however, the Plaintiff has chosen in this action to raise only First Amendment, Fourth Amendment, and due process claims related to the City of Houston's enforcement of those various orders. The Court will accordingly only address the Plaintiff's claims against the City of Houston.

"To state a section 1983 claim, a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law." *James v. Tex. Collin Cnty.*, 535 F.3d 365, 373 (5th Cir. 2008) (internal quotation omitted).

Plaintiff contends it qualifies as Reopened Service and has complied with the requirements and recommendations of Governor Abbott's Order. Since the issuance of GA 21 on May 5, 2020, Plaintiff has ceased featuring "nude" entertainment; the dancers are required to wear full tops and full bathing suit bottoms. However, GA 21 makes clear that sexually oriented businesses may only offer restaurant services and are prohibited from providing any other service. (Instrument No. 5-1 at 6) ("To the extent any of the establishments or venues that people shall avoid visiting also offer reopened services permitted above, such as restaurant services, these establishments or venues can offer only the reopened services and may not offer any other services."). Because the Plaintiff is also offering additional entertainment services in violation of the Governor's order, the Court cannot find that Plaintiff has shown a substantial likelihood of success on the merits regarding its due process claims against the City of Houston. Furthermore, the Governor's order only applies to Plaintiff because they are a sexually oriented business. Other restaurants, not classified as a sexually oriented business, are permitted to provide additional services under the Governor's order.

To the extent that Plaintiff would like to open up solely as a restaurant without additional entertainment, Plaintiff is not prohibited from doing so. However, pursuant to GA 21, because Plaintiff operates a sexually oriented business, they are prohibited from offering both restaurant services and entertainers, even if the entertainers are fully clothed.

Under the Fourth Amendment, Plaintiff generally alleges Defendants' actions are arbitrary and capricious and violate Plaintiff's rights against unreasonable searches and seizures. The Court finds this unpersuasive. As previously stated, GA 21 makes clear that sexually oriented businesses may only offer restaurant services and are prohibited from providing any other service. Thus, Defendants' actions to enforce the Governor's order would not be arbitrary and capricious.

Plaintiff also alleges Defendants' actions constitute a violation of Plaintiff's right to expression under the First Amendment. The Court finds this claim is misplaced. Plaintiff's First Amendment claim relates to the orders of the Governor and not the actions the City of Houston. The City of Houston is only responsible for lawfully enforcing the Governor's order. Therefore, the Court cannot find that Plaintiff has shown a substantial likelihood of success on the merits regarding its claims against the City of Houston.

As previously stated, the Plaintiff has failed to add the State as a party to this action to address the First Amendment and equal protection issues raised by the Governor's orders. Nonetheless, the Court feels compelled to point out the constitutional problems raised by the Governor's various orders. The fact that the Governor has now apparently decided that jail time is too harsh a penalty for a violation of his orders is little comfort, as even that action seems to have been motivated by the impact of his order on a single violator, Dallas salon owner Shelley Luther, leaving many business owners unsure, even now, if the orders would be equally applied to them. This uncertainty is exacerbated by the fact that Texas Lt. Governor Dan Patrick has now chosen to pay the fine owed by Shelley Luther.

Accordingly, Plaintiff's Motion for Preliminary Injunction is **DENIED**. To the extent that Plaintiff chooses to re-open solely as restaurant without additional entertainment, Plaintiff is not prohibited from doing so.

The Clerk shall enter this Order and provide a copy to all parties.

SIGNED on this the  8th   day of May, 2020.

_____
**VANESSA D. GILMORE
UNITED STATES DISTRICT JUDGE**