**In the United States District Court**
**Southern District of Texas**
**Houston Division**

| | | |
|---|---|---|
| Trump, Inc. d/b/a Onyx Houston | § | |
| | § | |
| v. | § | C.A. No. 4:20-cv-01555 |
| | § | |
| The City of Houston, the City of | § | |
| Houston Police Department, the City of | § | |
| Houston Fire Department, Unnamed | § | |
| Police Officers and | § | |
| Fire Department Officers, in their | § | |
| individual and official capacities | § | |

---

## Defendants' Motion to Dismiss
## Under Rules 12(b)(1), 12(b)(6), and 12(b)(7)

---

CITY OF HOUSTON LEGAL
DEPARTMENT
Ronald C. Lewis
City Attorney

Nirja S. Aiyer
Attorney-in-Charge
Tex. Bar No. 00795048
S.D. Bar No. 19661
900 Bagby Street, 4th Floor
Houston, Texas 77002
832.393.6491 (telephone)
832.393.6259 (facsimile)
nirja.aiyer@houstontx.gov

*Attorneys for Defendants*

# Table of Contents

**Page**

Table of Contents ............................................................................................. i

Index of Authorities ....................................................................................... iii

Nature and Stage of Proceedings.................................................................. vii

Issues Presented ............................................................................................ vii

Introduction and Summary............................................................................. 1

Statement of Facts .......................................................................................... 2

Argument and Authorities ............................................................................. 4

I.     Rule 12(b) authorizes dismissal for lack of subject-matter jurisdiction, failure to state a claim upon which relief can be granted, and failure to join a required party under Rule 19. ............................................................................... 4

II.    This Court should dismiss Onyx's original complaint under Rule 12(b) for several reasons.................................................................................................. 5

     A.    This Court should dismiss Onyx's original complaint for lack of subject-matter jurisdiction because this case is now moot and Onyx has no standing to rely on the rights of others. ........................................ 5

          1.    Rule 12(b)(1) authorizes dismissal for lack of subject-matter jurisdiction. ....................................................................... 5

          2.    This Court no longer has subject-matter jurisdiction over this case because it is now moot. ........................................... 6

          3.    This Court also has no subject-matter jurisdiction over this case because Onyx has no standing to the extent it relies on the rights of others. .................................................................. 7

     B.    This Court should dismiss Onyx's original complaint for failure to state a claim upon which relief can be granted because it does not plead sufficient facts to plausibly support a section 1983 claim............................. 9

          1.    Rule 12(b)(6) authorizes dismissal for failure to state a claim upon which relief can be granted where the complaint does not plead sufficient facts to state a claim that is plausible on its face. ........ 9

2. Onyx's original complaint fails to state a claim upon which relief can be granted because it does not sufficiently allege facts that plausibly support the elements of a section 1983 claim......................10

C. This Court should dismiss Onyx's original complaint for failure to state a claim upon which relief can be granted as to HPD and HFD because neither department has capacity to be sued. .................................................15

1. Rule 12(b)(6) authorizes dismissal for failure to state a claim upon which relief can be granted where the complaint purports to name a defendant with no capacity to be sued. ............................15

2. HPD and HFD are departments of the City with no capacity to be sued..........................................................................................16

D. The Court should dismiss Onyx's original complaint for failure to failure to join the State of Texas and Texas Governor under Rule 19 because they are required parties. .............................................................18

1. Rule 12(b)(6) authorizes dismissal for failure to join a required party under Rule 19........................................................................18

2. The State of Texas and Texas Governor are required parties under Rule 19 and this lawsuit cannot proceed without them............19

Conclusion and Prayer .......................................................................................20

Certificate of Service..........................................................................................21

# Index of Authorities

**Page(s)**

## Cases

*Alvarez v. City of Brownsville,*
    904 F.3d 382 (5th Cir. 2018), *cert. denied,* — U.S. — (2019) .........................................14

*Ambraco Inc. v. Bossclip B.V.,*
    570 F.3d 233 (5th Cir. 2009) ................................................................................... 5

*Ashcroft v. Iqbal,*
    556 U.S. 662 (2009).............................................................................................8, 9

*Barrie v. Nueces Cty. Dist. Attorney's Office,*
    753 F. App'x 260 (5th Cir. 2018) ...................................................................... 15, 16

*Bd. of Cty. Comm'rs of Bryan Cty., Okla. v. Brown,*
    520 U.S. 397 (1997)...........................................................................................11

*Bell Atl. Corp. v. Twombly,*
    550 U.S. 544 (2007).............................................................................................8, 9

*Brown v. Bryan County, OK,*
    219 F.3d 450 (5th Cir. 2000) ...............................................................................14

*Burge v. St. Tammany Parish,*
    336 F.3d 363 (5th Cir. 2003) ...............................................................................14

*Causey v. Sewell Cadillac-Chevrolet, Inc.,*
    394 F.3d 285 (5th Cir. 2004) ...............................................................................10

*Chafin v. Chafin,*
    568 U.S. 165 (2013)............................................................................................. 6

*Clark v. Tarrant County,*
    798 F.2d 736 (5th Cir. 1986) ................................................................................ 5

*Collins v. Morgan Stanley Dean Witter,*
    224 F.3d 496 (5th Cir. 2000) ...............................................................................10

*Cox v. Richards,*
    761 F. App'x 244 (5th Cir. 2019) ......................................................................... 4

*Crane v. Johnson,*
    783 F.3d 244 (5th Cir. 2015) ................................................................................ 7

*Darby v. Pasadena Police Dep't,*
 939 F.2d 311 (5th Cir. 1991) ............................................................. 16, 18

*Doe v. Mckesson,*
 945 F.3d 818 (5th Cir. 2019) ................................................................. vi

*Hall v. Hodgkins,*
 305 F. App'x 224 (5th Cir. 2008) .............................................................10

*Home Builders Ass'n of Miss., Inc. v. City of Madison,*
 143 F.3d 1006 (5th Cir. 1998) ................................................................. 5

*HS Res., Inc. v. Wingate,*
 327 F.3d 432 (5th Cir. 2003) ................................................................. vi

*Int'l Energy Ventures Mgmt., LLC v. United Energy Grp., Ltd.,*
 818 F.3d 193 (5th Cir. 2016) .................................................................16

*James v. Harris County,*
 577 F.3d 612 (5th Cir. 2009) .................................................................13

*James v. Tex. Collin Cty.,*
 535 F.3d 365 (5th Cir. 2008) .................................................................11

*Katrina Canal Breaches Litig.,*
 495 F.3d 191 (5th Cir. 2007) .................................................................10

*Kowalski v. Tesmer,*
 543 U.S. 125 (2004).............................................................................. 8

*La Union Del Pueblo Entero v. Fed. Emergency Mgmt. Agency,*
 No. 1:08-CV-487, 2017 WL 2539451 (S.D. Tex. Feb. 15, 2017) (slip copy) .................. 8

*League of Latin Am. Citizens, Dist. 19 v. City of Boerne,*
 659 F.3d 421 (5th Cir. 2011) ................................................................. 6

*McGilbert v. Montgomery Cty. Sheriff's Dep't,*
 No. H-11-3105, 2013 WL 655706 (S.D. Tex. Feb. 20, 2013).......................................18

*Monell v. N.Y. City Dept. of Soc. Servs.,*
 436 U.S. 658 (1978)..............................................................................11

*Moss v. Princip,*
 913 F.3d 508 (5th Cir. 2019) .................................................................19

*Nat'l Cas. Co. v. Gonzalez,*
 637 Fed. App'x 812 (5th Cir. 2016) ...........................................................18

*Neitzke v. Williams*,
    490 U.S. 319 (1989) ...................................................................... 9

*Norris v. Hearst Tr.*,
    500 F.3d 454 (5th Cir. 2007) ..........................................................10

*Papasan v. Allain*,
    478 U.S. 265 (1986) ...................................................................... 9

*Peña v. City of Rio Grande City*,
    879 F.3d 613 (5th Cir. 2018) ..........................................................10

*Piotrowski v. City of Houston*,
    237 F.3d 567 (5th Cir. 2001) ............................................... 10, 13, 14

*R2 Invs. LDC v. Phillips*,
    401 F.3d 638 (5th Cir. 2005) ..........................................................10

*Rajet Aeroservicios S.A. de C.V. v. Cervantes*,
    801 Fed. App'x 239 (5th Cir. 2020) .................................................. 18, 19

*Ramming v. United States*,
    281 F.3d 158 (5th Cir. 2001) (per curiam) ................................................ 5

*Sain v. Collier*,
    No. 4:18-cv-04412, 2019 WL 4144321 (S.D. Tex. Aug. 30, 2019) ...............16

*Stauffer v. Gearhart*,
    741 F.3d 574 (5th Cir. 2014) ........................................................... 6

*Thompson v. Upshur County*,
    245 F.3d 447 (5th Cir. 2001) ..........................................................14

*United States ex rel. Grubbs v. Kanneganti*,
    565 F.3d 180 (5th Cir. 2009) ........................................................... 9

*United States ex rel. Russell v. Epic Healthcare Mgmt. Group*,
    193 F.3d 304 (5th Cir.1999) .......................................................... vi

*Valle v. City of Houston*,
    613 F.3d 536 (5th Cir. 2010) ...................................................... 10, 11

*Virginia v. Am. Booksellers Ass'n, Inc.*,
    484 U.S. 383 (1988) ...................................................................... 8

*Williamson v. Tucker*,
    645 F.2d 404 (5th Cir. 1981) ........................................................... 5

*Wolcott v. Sebelius,*
   635 F.3d 757 (5th Cir. 2011) ....................................................................... vi

## Constitution and Statutes

Tex. Const. art. XI, § 5 ...................................................................................17

Tex. Loc. Gov't Code § 9.008 .........................................................................17

Tex. Loc. Gov't Code § 341.003.......................................................................17

Tex. Loc. Gov't Code § 342.011.......................................................................17

## Other Authorities

Fed. R. Civ. P. 9(a)(2) ....................................................................................16

Fed. R. Civ. P. 12 ............................................................................................. 4

Fed. R. Civ. P. 12(b) ........................................................................................ 4

Fed. R. Civ. P. 12(b)(1) .................................................................................... 5

Fed. R. Civ. P. 12(b)(6) .............................................................................9, 18

Fed. R. Civ. P. 17(b)(3) ..................................................................................16

Fed. R. Civ. P. 19............................................................................................18, 19

Houston, Tex., Charter, art. 2, § 1 .................................................................17

Houston, Tex., Charter, art. 2, § 2(b) .............................................................17

Houston, Tex., Charter, art. 2, § 8 .................................................................17

Houston, Tex., Charter, art. 2, § 16 ...............................................................17

Houston, Tex., Code of Ordinances § 34-21 .................................................17

Houston, Tex., Code of Ordinances § 34-46 .................................................17

## Nature and Stage of Proceedings

This is a suit filing by Plaintiff Trump, Inc. d/b/a Onyx Houston under the Section 1983 of the United States Code asserting violation of its First Amendment, Fourth Amendment, and due process rights and seeking recovery of damages and injunctive relief. (Instrument No. 1).

On May 1, 2020, this Court issued by a temporary restraining order against Defendants. (Instrument No. 3). On May 8, 2020, this Court held a preliminary injunction hearing. and entered an order denying Onyx's motion for preliminary injunction against Defendants. (Instrument No. 11). Defendants have not yet answered. They now file this motion to dismiss.

## Issues Presented

1. Whether this Court should dismiss Onyx's original complaint under Rule 12(b)(1) for lack of subject-matter jurisdiction because this case is now moot and Onyx has no standing to rely on the rights of its patrons, guests, workers, or visitors. A district court's dismissal under Rule 12(b)(1) is reviewed *de novo*. *Wolcott v. Sebelius*, 635 F.3d 757, 762 (5th Cir. 2011).

2. Whether this Court should also dismiss Onyx's original complaint under Rule 12(b)(6) for failure to state a claim upon which relief can be granted because it does not plead sufficient facts to plausibly support a section 1983 claim. A district court's dismissal under Rule 12(b)(6) for failure to state a claim upon which relief can be granted is reviewed *de novo*. *United States ex rel. Russell v. Epic Healthcare Mgmt. Group*, 193 F.3d 304, 308 (5th Cir.1999).

3. Whether this Court should also dismiss Onyx's original complaint under Rule 12(b)(6) for failure to state a claim upon which relief can be granted as to the Houston Police Department and Houston Fire Department because neither department has the capacity to be sued. A district court's dismissal under Rule 12(b)(6) for failure to state a claim based on lack of capacity is reviewed *de novo*. *Doe v. Mckesson*, 945 F.3d 818, 824 n.2 (5th Cir. 2019).

4. Whether this Court should also dismiss Onyx's original complaint under Rule 12(b)(7) for failure to join the State of Texas and Texas Governor as required parties under Rule 19 and this lawsuit cannot proceed without them. A district court's dismissal under Rule 12(b)(7) for failure to join a required party is reviewed for abuse of discretion. *HS Res., Inc. v. Wingate*, 327 F.3d 432, 438-39 (5th Cir. 2003).

Defendants file this motion to dismiss under Rules 12(b)(1), 12(b)(6), and 12(b)(7) the Verified Original Complaint and Application for Temporary and Permanent Injunctive Relief filed against them by Plaintiff Trump, Inc. d/b/a Onyx Houston ("Onyx") and would respectfully show as follows:

## Introduction and Summary

This is a nation of laws. In response to the novel and unique circumstances here involving a sudden and unexpected worldwide pandemic, Texas Governor Greg Abbott issued executive orders designed to protect the public health, safety, and welfare of the people of the State of Texas. And the City of Houston ("City") engaged in efforts to enforce these executive orders for the same reasons. Onyx now seeks to engage in a political stunt and advertising campaign by challenging the City's proper enforcement efforts without even joining the State of Texas or Texas Governor under whose authority the orders were issued. This Court should not indulge or countenance these efforts any further.

This Court should dismiss Onyx's original complaint against Defendants in this suit under Rule 12(b) for the following reasons:

5. This Court should dismiss Onyx's original complaint under Rule 12(b)(1) for lack of subject-matter jurisdiction because this case is now moot and Onyx has no standing to rely on the rights of its patrons, guests, workers, or visitors.

6. This Court should also dismiss Onyx's original complaint under Rule 12(b)(6) for failure to state a claim upon which relief can be granted because it does not plead sufficient facts to plausibly support a section 1983 claim.

7. This Court should also dismiss Onyx's original complaint under Rule 12(b)(6) for failure to state a claim upon which relief can be granted as to the Houston Police Department and Houston Fire Department because neither department has the capacity to be sued.

8. This Court should also dismiss Onyx's original complaint under Rule 12(b)(7) for failure to join the State of Texas and Texas Governor as

required parties under Rule 19 and this lawsuit cannot proceed without them.

This Court should therefore dismiss Onyx's original complaint against Defendants in this suit under Rules 12(b)(1), 12(b)(6), and 12(b)(7).

## Statement of Facts

Onyx operates a restaurant and gentlemen's club on Bering Street in southwest central Houston. (Instrument No. 1). On April 27, 2020, Texas Governor Greg Abbott issued Executive Order GA 18 relating to the expanded reopening of services as part of the safe strategic plan to open Texas in response to the COVID 19 pandemic. That order provided that as of 12:01 AM on Friday May 1, 2020 certain "Reopened Services," would be allowed to operate even if they were not "Essential Services." (Instrument No. 1-1).

These Reopened Services include "dine-in restaurants for restaurants that operate at up to 25% of the total listed occupancy of the restaurant." *Id.* But this applies only to restaurants "that had less than 51% of their gross receipts from the sale of alcoholic beverages and are therefore not required to post the 51% sign required by Texas law as determined by the Texas Alcoholic Beverage Commission." *Id.* Onyx generates less than 50% of its revenue from alcoholic beverages sales and re-opened on May 1, 2020 pursuant to Governor Abbott's Order GA 18. (Instrument No. 1). Dancers at Onyx's club were not offering lap dances but were providing [sexually oriented] entertainment from a safe distance. *Id.*

Shortly after opening, Officers from the Houston Police Department ("HPD") and Houston Fire Department ("HFD") showed up at Onyx's club. *Id.* Eventually, the officers (allegedly) shut down Plaintiff's club and (allegedly) threatened to arrest its owners. *Id.* On May 1, 2020, Onyx filed its Original Complaint challenging Defendants' alleged actions to enforce of Governor Greg Abbott's orders and threats of arrest and criminal prosecution.

(Instrument No. 1). On that same day, this Court granted Onyx's request for a Temporary Restraining Order ("TRO"). (Instrument No. 3).

After entry of this Court's TRO, Governor Abbot issued Executive Order GA 21 on May 5, 2020 which states as follows:

> People shall avoid visiting bars, massage establishments, tattoo studios, piercing studios, sexually oriented businesses, or interactive amusement venues such as bowling alleys, video arcades, amusement parks, water parks, or splash pads, unless these enumerated establishments or venues are specifically added as a reopened service by proclamation or future executive order of the governor. Notwithstanding anything herein to the contrary, the governor may by proclamation add to this list of establishments or venues that people shall avoid visiting. To the extent any of the establishments or venues that people shall avoid visiting also offer reopened services permitted above, such as restaurant services, these establishments or venues can offer only the reopened services and may not offer any other services. The use of drive thru, pickup, or delivery options for food and drinks remains allowed and highly encouraged throughout the limited duration of this executive order.
>
> ***
>
> This executive order supersedes Executive Order GA-18, but does not supersede Executive Orders GA-b, GA-13, GA-17, GA-19, or GA-20. This executive order shall remain in effect and in full force until 11:59 p.m. on May 19, 2020, unless it is modified, amended, rescinded, or superseded by the governor.

(Instrument No. 8-1).

On May 7, 2020, as Governor Abbott issued a press release clarifying that no prohibition in these executive orders would carry an arrest:

> That is why I am modifying my executive orders to ensure confinement is not a punishment for violating an order. This order is retroactive to April 2nd, supersedes local orders and if correctly applied should free Shelley Luther. It may also ensure that other Texans like Ana Isabel Castro-Garcia and Brenda Stephanie Mata who were arrested in Laredo, should not be subject to confinement. As some county judges advocate for releasing hardened criminals from jail to prevent the spread of COVID-19, it is absurd to have these business owners take their place.

*See* https://gov.texas.gov/news/post/governor-abbott-modifies-covid-19-executive-orders-to-eliminate-confinement-as-a-punishment. And public statements confirm that the Governor plans to continue lifting restrictions over the coming weeks and months.[1]

On May 8, 2020, this Court held a preliminary injunction hearing. Onyx filed a brief in support of its application for preliminary injunction. (Instrument No. 5). Defendants filed a response. (Instrument No. 10). This Court entered an order denying Onyx's Motion for preliminary injunction against Defendants. (Instrument No. 11).

<strong>Argument and Authorities</strong>

I. **Rule 12(b) authorizes dismissal for lack of subject-matter jurisdiction, failure to state a claim upon which relief can be granted, and failure to join a required party under Rule 19.**

Rule 12 of the Federal Rules of Civil Procedure governs when and how to present certain defenses and objections. *See* Fed. R. Civ. P. 12. It provides that a party may assert the various defenses by motion, including the following: "(1) lack of subject-matter jurisdiction;… (6) failure to state a claim upon which relief can be granted; and (7) failure to join a party under Rule 19. *See* Fed. R. Civ. P. 12(b). A motion asserting any of these Rule 12(b) defenses must normally be made "before pleading if a responsive pleading is allowed." Fed. R. Civ. P. 12(b); *Cox v. Richards*, 761 F. App'x 244, 248 (5th Cir. 2019).

---

[1]     *See*     https://gov.texas.gov/news/post/governor-abbott-announces-phase-two-to-open-texas; https://www.dshs.state.tx.us/coronavirus/opentexas.aspx.

**II.**   **This Court should dismiss Onyx's original complaint under Rule 12(b) for several reasons.**

  **A.**   **This Court should dismiss Onyx's original complaint for lack of subject-matter jurisdiction because this case is now moot and Onyx has no standing to rely on the rights of others.**

    **1.**   **Rule 12(b)(1) authorizes dismissal for lack of subject-matter jurisdiction.**

A party may move for a court to dismiss a plaintiff's cause of action for lack of subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1). Unlike motions under Rule 12(b)(6), where the plaintiff's allegations are taken as true and viewed under the most favorable light, the plaintiff bears the burden of proof that jurisdiction exists under Rule 12(b)(1). *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (per curiam). A court must consider a jurisdictional attack under Rule 12(b)(1) prior to considering other grounds for dismissal. *Ramming*, 281 F.3d at 161. A court properly dismisses for lack of subject-matter jurisdiction where it lacks the statutory or constitutional power to adjudicate the case. *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998).

In considering whether it has subject matter-jurisdiction, the court may consider matters of fact that are in dispute or outside the pleadings. *Ambraco Inc. v. Bossclip B.V.*, 570 F.3d 233, 238 (5th Cir. 2009); *Clark v. Tarrant County*, 798 F.2d 736, 741 (5th Cir. 1986). The court may dismiss for lack of subject-matter jurisdiction based on: (1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Clark*, 798 F.2d at 741; *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981).

### 2. This Court no longer has subject-matter jurisdiction over this case because it is now moot.

In this case, this Court should dismiss Onyx's original complaint under Rule 12(b)(1) for lack of subject-matter jurisdiction because the case is now moot. Article III of the U.S Constitution limits the judicial power of the United States to "cases and controversies." U.S. Const. art. III. In exercising this power, federal courts may not decide questions that cannot affect the rights of litigants in the case before them or give opinions advising what the law would be upon a hypothetical state of facts. *Chafin v. Chafin*, 568 U.S. 165, 172 (2013). The mootness doctrine is derived from the prohibition under Article III against federal courts issuing advisory opinions. *League of Latin Am. Citizens, Dist. 19 v. City of Boerne*, 659 F.3d 421, 432 (5th Cir. 2011). There is no case or controversy and a suit becomes moot when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome. *Chafin*, 568 U.S. at 172; *Stauffer v. Gearhart*, 741 F.3d 574, 582 (5th Cir. 2014).

Onyx's claims against Defendants are based on complaints regarding the City's alleged enforcement of Governor Abbott's Executive Order GA 18 ("GA 18") dated April 27, 2020. By its own terms, GA 18 "shall remain in effect and in full force until 11:59 p.m. on May 15, 2020, unless it is modified, amended, rescinded, or superseded by the governor." Then, on May 5, 2020, before expiration of GA 18, Governor Abbott issued Executive Order GA 21 ("GA 21") stating that "This executive order supersedes Executive Order GA-18." GA 21 expanded openings of certain businesses and activities beyond the limitations previously imposed by GA 18. By its own terms, GA 21 "shall remain in effect and in full force until 11:59 p.m. on May 19, 2020, unless it is modified, amended, rescinded, or superseded by the

governor." And public statements and news reports confirm that the Governor has plans to continue lifting restrictions over the coming weeks and months.[2]

It is indisputable that the specific restrictions under GA 18 on which Onyx's claims are based are no longer effective or enforceable. There is no case or controversy and this is case is now moot because the issues presented by Onyx's original complaint are no longer "live" and the parties lack a legally cognizable interest in the outcome. It would be purely speculative to suggest that further City enforcement efforts will or may recur. This Court should therefore dismiss Onyx's original complaint against Defendants under Rule 12(b)(1) for lack of subject-matter jurisdiction because the case has now become moot.

     **3.**     **This Court also has no subject-matter jurisdiction over this case because Onyx has no standing to the extent it relies on the rights of others.**

This Court should also dismiss Onyx's original complaint under Rule 12(b)(1) for lack of subject-matter jurisdiction because Onyx has no standing to the extent its claims rely on alleged violations of the constitutional rights of others. The doctrine of standing also provides definition to the Article III limits on judicial power by identifying those disputes that are appropriately resolved through the judicial process. *Crane v. Johnson*, 783 F.3d 244, 250-51 (5th Cir. 2015). To establish standing, a plaintiff must show (1) an injury in fact, (2) a sufficient causal connection between the injury and the conduct complained of, and (3) a likelihood that the injury will be redressed by a favorable decision. *Id.* at 251-52.

A party must generally assert her own legal rights and interests and cannot rest her claim to relief on the legal rights or interests of third parties. *Kowalski v. Tesmer*, 543 U.S. 125,

---

[2]     *See*    https://gov.texas.gov/news/post/governor-abbott-announces-phase-two-to-open-texas; https://www.dshs.state.tx.us/coronavirus/opentexas.aspx.

129 (2004). The U.S. Supreme Court has long recognized a general prohibition on a litigant's raising another person's legal rights. *Id.* A limited exception grants a party standing to assert the rights of another but it applies only where: (1) the party asserting the right has a "close" relationship with the person who possesses the right, and (2) there is a "hindrance" to the possessor's ability to protect his own interests. *Id. See also La Union Del Pueblo Entero v. Fed. Emergency Mgmt. Agency*, No. 1:08-CV-487, 2017 WL 2539451, at *17 (S.D. Tex. Feb. 15, 2017) (slip copy) ("Here, Plaintiffs do not support with specific facts its claim that it has a 'close relationship' with non-plaintiffs, nor do they demonstrate that non-plaintiffs face a hindrance in protecting their own interests.").

Onyx's original complaint fails to sufficiently allege facts that plausibly support standing based on the rights or interests of others. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007). It apparently seeks to bolster its standing and claims in this case by relying on the rights if its patrons, guests, workers, and visitors and alleging that special circumstances exist that preclude them from effectively vindicating their rights on their own. But these allegations do not suffice because they are nothing more than threadbare recitals of standing elements supported by mere conclusory statements and naked assertions devoid of further factual enhancement.

Onyx does not support with specific facts any claim that its patrons, guests, workers, or visitors face any hindrance in protecting their own interests. Nor does it even attempt to allege that it has a "close relationship" with these others—let alone support any such claim with specific facts. And, although it relies on *Virginia v. American Booksellers Ass'n, Inc.*, 484 U.S. 383 (1988) to support First Amendment standing based on the rights of others, that case predates *Kowalski* and does not address the requirements for reliance on the rights of others

reaffirmed in that case. The Court should therefore dismiss Onyx's original complaint against Defendants under Rule 12(b)(1) for lack of subject-matter jurisdiction because Onyx has no standing to the extent it relies on the constitutional rights of others.

**B. This Court should dismiss Onyx's original complaint for failure to state a claim upon which relief can be granted because it does not plead sufficient facts to plausibly support a section 1983 claim.**

**1. Rule 12(b)(6) authorizes dismissal for failure to state a claim upon which relief can be granted where the complaint does not plead sufficient facts to state a claim that is plausible on its face.**

A party may move for a court to dismiss a plaintiff's cause of action for failure to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). Dismissal under Rule 12(b)(6) is proper based on a dispositive issue of law. *Neitzke v. Williams*, 490 U.S. 319, 326 (1989). Dismissal is also proper if the complaint does not contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 570. If well-pleaded facts of a complaint do not permit a court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief. *Iqbal*, 556 U.S. at 678-79.

A complaint's allegations must make relief plausible, not merely conceivable, when they are taken as true. *United States ex rel. Grubbs v. Kanneganti*, 565 F.3d 180, 186 (5th Cir. 2009). Courts are not bound to accept as true a legal conclusion couched as a factual allegation. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). Nor does a complaint suffice if it merely tenders naked assertions devoid of further factual enhancement. *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 557. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Iqbal*, 556 U.S. at 678.

In ruling on a Rule 12(b)(6) motion, the factual information to which the court addresses its inquiry is limited to: (1) the facts set forth in the complaint, (2) documents attached to the complaint, and (3) matters of which judicial notice may be taken under Rule 201 of the Federal Rule of Evidence. *See Norris v. Hearst Tr.*, 500 F.3d 454, 461 n.9 (5th Cir. 2007); *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 640 n.2 (5th Cir. 2005). *See also Hall v. Hodgkins*, 305 F. App'x 224, 227 (5th Cir. 2008) (a district court may take judicial notice of public records without converting a Rule 12(b)(6) motion into a motion for summary judgment). It can also consider documents that a defendant attaches to its motion if they are referred to in the complaint and central to the plaintiff's claims. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007); *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004). *See also Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 499 (5th Cir. 2000) (in doing so, the defendant merely assists the plaintiff in establishing the basis of the suit and the court in making the elementary determination of whether a claim has been stated).

2.   **Onyx's original complaint fails to state a claim upon which relief can be granted because it does not sufficiently allege facts that plausibly support the elements of a section 1983 claim.**

In this case, this Court should dismiss Onyx's original complaint under Rule 12(b)(6) for failure to state a claim upon which relief can be granted because it does not sufficiently allege facts that plausibly support the elements of a section 1983 claim. Although a plaintiff need not prove her allegations at the pleading stage, she still must plead facts that plausibly support each element of section 1983 liability. *Peña v. City of Rio Grande City*, 879 F.3d 613, 621 (5th Cir. 2018). A municipality is liable under section 1983 only for acts directly attributable to it through some official action or imprimatur. *Valle v. City of Houston*, 613 F.3d 536, 541 (5th Cir. 2010); *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001).

A municipality or other local government may be liable under section 1983 if the governmental body itself "subjects" a person to a deprivation of rights or "causes" a person "to be subjected" to such deprivation. *Monell v. N.Y. City Dept. of Soc. Servs.*, 436 U.S. 658, 692 (1978). To establish municipal liability for a cause of action under section 1983, a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States, and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law. *James v. Tex. Collin Cty.*, 535 F.3d 365, 373 (5th Cir. 2008). Municipal liability under section 1983 requires the plaintiff to plead and prove that: (1) the municipality had an "official policy or custom," (2) a "policymaker" had actual or constructive knowledge of the policy or custom, and (3) the policy or custom was the "moving force" behind the alleged constitutional violation. *Valle*, 613 F.3d at 541-42.

A plaintiff must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights. *Valle*, 613 F.3d at 542 (citing *Bd. of Cty. Comm'rs of Bryan Cty., Okla. v. Brown*, 520 U.S. 397, 404 (1997)). Specifically, the municipal decision must reflect deliberate indifference to the risk that a violation of a particular right will follow the decision. *Id.* (citing *Brown*, 520 U.S. at 411). Deliberate indifference is a high standard—a showing of simple or even heightened negligence will not suffice. *Id.*

Onyx's original complaint fails to sufficiently allege facts that plausibly support the elements of section 1983 municipal liability. It pleads that Defendants' actions in allegedly enforcing GA 18 violated its First Amendment, Fourth Amendment, and due process rights. It also pleads that Defendants' actions in allegedly enforcing GA 18 were "pursuant to the official policies, practices and customs of the governmental agencies or entities which the

Defendants respectively represent." But these allegations do not suffice because they are nothing more than threadbare recitals of certain elements of its section 1983 claim supported by mere conclusory statements devoid of further factual enhancement. Indeed, aside from these assertions, it offers no factual details that support the elements of its section 1983 claim. Instead, Onyx merely recites background facts regarding GA 18, its plans to reopen based on GA 18, and the City's alleged actions to enforce GA 18. It also relies on sensational (and inaccurate) characterizations of those actions (like "dozens of Houston Police Department Officers and Fire Department officials raided the business" and "Defendants have violated Plaintiffs' civil rights by intimidating its patrons and employees").

But Onyx fails to plead sufficient facts to show that Defendants violated its First Amendment, Fourth Amendment, or due process rights. As this Court noted in its order denying Onyx's motion for preliminary injunction, although the Governor's orders (and other facts) have caused a state of confusion that rests clearly on the Governor's doorstep, Onyx has apparently chosen to only sue Defendants based on the City's enforcement efforts. Onyx's due process claims against Defendants are insufficient on their face because it is offering not only restaurant services but also additional entertainment services in violation of the Governor's order clearly prohibiting sexually oriented businesses from doing so.[3] Onyx's

---

[3] *See also* Instrument No. 10 (Transcript of Preliminary Injunction Hearing Heard Before the Honorable Vanessa D. Gilmore United States District Judge (held on May 8, 2020)) (THE COURT: "Once, to clarify and add what is relevant to this case, that he intended for it to cover sexually oriented businesses unless they were not offering entertainment."; "If the Governor is saying that he intended to include sexually oriented businesses, but that they could be open if they are restaurants only and there's no entertainment and there's no jail time associated with it, which was an issue last week when we were on this same hearing, it doesn't seem like there's a whole lot that I still need to resolve."; MR. WALLACE: "The issue that's left to be resolved between the City and us is whether or not we can offer some form of entertainment while also acting as a full-service restaurant. THE COURT: Let me make that easy for you. The answer is no…. But the Governor's order is not unclear that you may not provide any other type ofentertainment."), pp. 4:18-20; 6:24-7:4; 30:5-9, 19-21.

Fourth Amendment claims are also insufficient on their face because Defendants' actions cannot be arbitrary and capricious since the Governor's order makes clear that sexually oriented businesses may only offer restaurant services and are prohibited from providing any other service.[4] And Onyx's First Amendment claims are also insufficient on their face because they relate to the Governor's order and not the actions the City—and the City is only responsible for lawfully enforcing the Governor's order.[5]

Onyx also conspicuously fails to plead sufficient facts to show that: (1) the City had an "official policy or custom," (2) any City "policymaker" had actual or constructive knowledge of the policy or custom, and (3) the policy or custom was the "moving force" behind any alleged constitutional violation. An official policy usually exists in the form of written policy statements, ordinances, or regulations, but may also arise in the form of a widespread practice that is so common and well-settled as to constitute a custom that fairly represents municipal policy. *James v. Harris County*, 577 F.3d 612, 617 (5th Cir. 2009). Whatever its form, to yield municipal liability under section 1983, the policy must have been the moving force behind the alleged constitutional violation. *Piotrowski*, 237 F. 3d at 580.

In other words, the plaintiff must show direct causation, i.e., a direct causal link between the policy and the violation. *James*, 577 F.3d at 617. Where an official policy or

---

[4] In addition, the testimony of Joshua Brooks at the preliminary injunction hearing before this Court confirms that no one was even charged, arrested, or fined. *See* Instrument No. 10 (Transcript of Preliminary Injunction Hearing Heard Before the Honorable Vanessa D. Gilmore United States District Judge (held on May 8, 2020)) ("BY MS. AIYER: Q. Sir, was anyone arrested on May 1st? A. No, ma'am. Q. And did your business receive any kind of fine? A. No."), p. 42:2-6.

[5] In addition, as the Court noted at the preliminary injunction hearing, Governor Abbott clarified in Executive Order GA 21 that the prohibition on operations extended to sexually oriented businesses. *See* Instrument No. 10 (Transcript of Preliminary Injunction Hearing Heard Before the Honorable Vanessa D. Gilmore United States District Judge (held on May 8, 2020)) (THE COURT: "The Governor has issued an amended set of instructions and actually has amended his executive order twice during the last week. Once, to clarify and add what is relevant to this case, that he intended for it to cover sexually oriented businesses unless they were not offering entertainment."), p. 4:15-20.

practice is unconstitutional on its face, it necessarily follows that a policymaker was not only aware of the specific policy, but was also aware that a constitutional violation would most likely occur. *Burge v. St. Tammany Parish*, 336 F.3d 363, 370 (5th Cir. 2003) (citing *Piotrowski*, 237 F.3d at 579). On the other hand, where an alleged policy is facially innocuous, establishing the requisite official knowledge requires a plaintiff to demonstrate the policy was promulgated or implemented with deliberate indifference to the known or obvious consequences that constitutional violations would result. *See Alvarez v. City of Brownsville*, 904 F.3d 382, 390 (5th Cir. 2018), *cert. denied*, — U.S. — (2019).

Establishing deliberate indifference generally requires a "pattern of similar violations" arising from a policy "so clearly inadequate as to be 'obviously likely to result in a constitutional violation.'" *Burge*, 336 F.3d at 370 (citing *Thompson v. Upshur County*, 245 F.3d 447, 459 (5th Cir. 2001)). For deliberate indifference to be based on a single incident, "'it should have been apparent to the policymaker that a constitutional violation was the highly predictable consequence of a particular policy.'" *Alvarez*, 904 F.3d at 390 (alleged facts must show "it should have been apparent to the policymaker that a constitutional violation was the highly predictable consequence of a particular policy or failure to train") (quoting *Burge*, 336 F.3d at 373). Mere negligence, even gross negligence, is not sufficient to establish deliberate indifference. *Brown v. Bryan County, OK*, 219 F.3d 450, 460-63 (5th Cir. 2000).

Onyx does not even attempt to allege sufficient facts to show any "official policy or custom" of the City in the form of written policy statements, ordinances, or regulations. Nor does it even attempt to allege sufficient facts to show any "official policy or custom" of the City in the form of a widespread practice that is so common and well-settled as to constitute a custom that fairly represents municipal policy. Nor could it do so given the novel and unique

circumstances here involving a sudden and unexpected worldwide pandemic, State executive orders issued in response in order to protect public health, safety, and welfare, and City efforts to enforce these State executive orders for the same reasons.

Nor does Onyx allege sufficient facts to show that any policy was promulgated or implemented with deliberate indifference to the known or obvious consequences that any constitutional violations would result. It does not allege sufficient facts to show a "pattern of similar violations" arising from a policy "so clearly inadequate as to be obviously likely to result in a constitutional violation." It also does not allege sufficient facts to show that "it should have been apparent to the policymaker that a constitutional violation was the highly predictable consequence of a particular policy." Indeed, without sufficient facts to show that the City had any "official policy or custom," it also necessarily fails to allege facts to show that any City "policymaker" had actual or constructive knowledge of any policy or custom and that the policy or custom was the "moving force" behind any alleged constitutional violation. This Court should dismiss Onyx's original complaint under Rule 12(b)(6) for failure to state a claim upon which relief can be granted because it does not plead sufficient facts to plausibly support a section 1983 claim against Defendants.

**C.** **This Court should dismiss Onyx's original complaint for failure to state a claim upon which relief can be granted as to HPD and HFD because neither department has capacity to be sued.**

**1.** **Rule 12(b)(6) authorizes dismissal for failure to state a claim upon which relief can be granted where the complaint purports to name a defendant with no capacity to be sued.**

Although Rule 8 and Rule 9 provide the statutory component of the federal pleading standard, Rule 12(b)(6) provides the one and only method for testing whether that standard has been met. *Barrie v. Nueces Cty. Dist. Attorney's Office*, 753 F. App'x 260, 265 (5th Cir. 2018)

(citing *Int'l Energy Ventures Mgmt., LLC v. United Energy Grp., Ltd.*, 818 F.3d 193, 203 (5th Cir. 2016)). Rule 9 provides that "[t]o raise any of those issues [set forth in Rule 9(a)(1), including lack of capacity to be sued], a party must do so by specific denial, which must state any supporting facts that are peculiarly within the party's knowledge." *See* Fed. R. Civ. P. 9(a)(2). Rule 17 provides that an entity's capacity to sue or be sued "shall be determined by the law of the state where the court is located." *See* Fed. R. Civ. P. 17(b)(3).

2.    **HPD and HFD are departments of the City with no capacity to be sued.**

In this case, this Court should dismiss Onyx's original complaint Rule 12(b)(6) for failure to state a claim upon which relief can be granted as to HPD and HFD because neither department has capacity to be sued. In order for a plaintiff to sue a city department, it must enjoy a separate legal existence. *Barrie*, 753 F. App'x at 264 (citing *Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313 (5th Cir. 1991)). A Texas home rule city is organized not unlike a corporation—it is a single legal entity independent of its officers. *Darby*, 939 F.2d at 313. Like a corporation, it is a single legal entity independent of its officers. *Id.*

Also like a corporation, a Texas city is allowed to designate whether one of its own subdivisions can be sued as an independent entity. *Id.* Absent such authorization, a lawsuit can no more proceed against the police department of a city alone than it could against the accounting department of a corporation. *Id.* Unless the true political entity grants the servient agency with jural authority, the agency cannot engage in any litigation except in concert with the government itself. *Id.* (same). In order to have the requisite capacity under Texas law, the agency must have been granted the authority to "sue or be sued." *Sain v. Collier*, No. 4:18-cv-04412, 2019 WL 4144321, at *10 (S.D. Tex. Aug. 30, 2019) (citing *Darby*, 939 F.2d at 313).

The City is a Texas home-rule city operating under a municipal charter pursuant to Article XI, Section 5, of the Texas Constitution. *See* Tex. Const. art. XI, § 5.[6] It has the authority under Texas law to establish its own police force. *See* Tex. Loc. Gov't Code § 341.003 ("A home-rule municipality may provide for a police department."); Tex. Loc. Gov't Code § 342.011 ("A home-rule municipality may provide for a fire department."). The City's Charter specifically reserves all the general powers of a municipality to the City itself. *See* Houston, Tex., Charter, art. 2, § 2(b) (reserving to the City "all powers that are or hereafter may be granted to municipalities by the Constitution or laws of Texas").

The Charter also specifically states that the City has the right to establish police and fire departments. *See id.* art. 2, § 16 ("The City of Houston shall have power by ordinance duly passed to establish and maintain the City Police Department, prescribe the duties of policemen and regulate their conduct"), art. 2, § 8 ("The City of Houston shall have power to provide means for the protection against and the extinguishment of conflagrations, and for the regulation, maintenance and support of the fire department, and for the purpose of guarding against the calamity of fire…."). And the City did in fact establish such departments. *See* Houston, Tex., Code of Ordinances § 34-21 ("There is hereby created a police department…."), § 34-46 ("There is hereby created a fire department….").

The City's Charter also specifically grants the City the power and capacity to sue and be sued. *See* Houston, Tex., Charter, art. 2, § 1 ("The City of Houston, made a body politic and corporate by this Act … may sue and be sued, … may implead and be impleaded in all courts and places and in all matters whatever…."). But nowhere does the City's Charter or

---

[6] In accordance with Section 9.008(b) of the Texas Local Government Code, the City respectfully requests this Court to take judicial notice of its published charter and status thereunder as a home-rule city. *See* Tex. Loc. Gov't Code § 9.008(b); Houston, Tex., Charter.

Code of Ordinances grant HPD or HFD the power and capacity to sue or be sued. And

nowhere does Onyx's original complaint allege any facts showing that the City has done so.

*See McGilbert v. Montgomery Cty. Sheriff's Dep't*, No. H-11-3105, 2013 WL 655706, at *2 (S.D.

Tex. Feb. 20, 2013) ("The plaintiff has the burden of showing that the city or county

department has the capacity to be sued…. Plaintiff, however, has failed to allege or

demonstrate that such defendants are separate legal entities having jural authority.") (citing

*Darby*, 939 F.2d at 314). The Court should therefore dismiss Onyx's original complaint under

Rule 12(b)(6) for failure to state a claim upon which relief can be granted as to both HPD and

HFD because neither department has capacity to be sued.

### D. The Court should dismiss Onyx's original complaint for failure to failure to join the State of Texas and Texas Governor under Rule 19 because they are required parties.

#### 1. Rule 12(b)(6) authorizes dismissal for failure to join a required party under Rule 19.

A party may move for a court to dismiss a plaintiff's cause of action for failure to join

a required party under Rule 19. *See* Fed. R. Civ. P. 12(b)(6); *see also* Fed. R. Civ. P. 19. Rule

19 requires a two-step inquiry that is a highly-practical, fact-based endeavor. *Rajet Aeroservicios*

*S.A. de C.V. v. Cervantes*, 801 Fed. App'x 239, 246 (5th Cir. 2020). Rule 19(a) provides a

framework for deciding whether a given person should be joined and Rule 19(b) guides the

court in deciding whether the suit should be dismissed if that person cannot be joined. *Nat'l*

*Cas. Co. v. Gonzalez*, 637 Fed. App'x 812, 814-15 (5th Cir. 2016).

First a court must determine whether a party should be added under the requirements

of Rule 19(a); then the court must determine under Rule 19(b) whether litigation can be

properly pursued without the absent party. *Cervantes*, 801 Fed. App'x at 246. If the absent

party should be joined under Rule 19(a), but the suit cannot proceed without that party under

the requirements of Rule 19(b), the case must be dismissed. *Id.* (same). And, although a party may move for a Rule 12(b)(7) dismissal, a court with proper jurisdiction may also consider *sua sponte* the absence of a required person and dismiss for failure to join. *Id.*

### 2.     The State of Texas and Texas Governor are required parties under Rule 19 and this lawsuit cannot proceed without them.

In this case, the Court should dismiss Onyx's original complaint under Rule 12(b)(7) for failure to failure to join the State of Texas and Texas Governor under Rule 19 because they are required parties. Rule 19 states that a person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if: (A) in that person's absence, the court cannot accord complete relief among existing parties; or (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest. *See* Fed. R. Civ. P. 19; *Moss v. Princip*, 913 F.3d 508, 515 (5th Cir. 2019) (Rule 19(a) directs courts to join "required" parties when feasible).

The State of Texas and Texas Governor Greg Abbott are required parties that must be joined under Rule 19 and this lawsuit cannot proceed without them. As explained above, Onyx's claims against Defendants in this suit are all based on complaints regarding the City's alleged enforcement of GA 18 against it. It is indisputable that Greg Abbott is the Governor of the State of Texas and issued GA 18 under his authority as Governor of the State of Texas. It is also indisputable that Onyx's claims against Defendants necessarily also challenge the

constitutionality of GA 18 precisely because it alleges that Defendants violated its constitutional rights by allegedly enforcing GA 18 against it.

In the absence of the State of Texas and Texas Governor from this suit, this Court cannot accord complete relief among existing parties to the extent it involves ruling on constitutionality of GA 18 issued under their authority. They also have an interest relating to the subject of this action to the extent it involves ruling on the constitutionality of GA 18 issued under their authority. And they are so situated that disposing of the action in their absence may: (i) as a practical matter impair or impede their ability to protect the interest if this Court rules that GA 18 is constitutional despite their absence; or (ii) leave Defendants subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest if this Court rules one way on constitutionality of that GA 18 and another court rules the other way. This Court should therefore dismiss Onyx's original complaint under Rule 12(b)(7) for failure to failure to join the State of Texas and Texas Governor under Rule 19 because they are required parties who must be joined in this suit.

### Conclusion and Prayer

For these reasons, Defendants City of Houston, the City of Houston Police Department, and the City of Houston Fire Department respectfully ask this Court to dismiss the original complaint filed against them by Trump, Inc. d/b/a Onyx Houston under Rules 12(b)(1), 12(b)(6), and 12(b)(7), and grant any and all such other and further relief, whether at law or in equity, to which Defendants may be justly entitled.

Respectfully submitted,

CITY OF HOUSTON LEGAL
DEPARTMENT
Ronald C. Lewis
City Attorney
Nirja S. Aiyer
Chief, Neighborhood Services Section

By: ___/s/ Nirja S. Aiyer_____
     Nirja S. Aiyer
     Attorney-in-Charge
     Tex. Bar No. 00795048
     S.D. Bar No. 19661
     900 Bagby Street
     Houston, Texas 77002
     832.393.6491 (telephone)
     832.393.6259 (facsimile)
     nirja.aiyer@houstontx.gov

     *Attorneys for Defendants*

## Certificate of Service

I hereby certify that a true and correct copy of the foregoing document has been forwarded electronically through the Court's electronic filing system on May 22, 2020 to the following parties and/or counsel of record:

Casey T. Wallace
Benjamin W. Allen
William X. King
WALLACE & ALLEN, LLP
440 Louisiana, Suite 1500
Houston, Texas 77002
cwallace@wallaceallen.com
ballen@wallacellen.com
wking@wallaceallen.com

*Attorneys for Plaintiff*

_____/s/ Nirja S. Aiyer_____
Nirja S. Aiyer